UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| DEVON TURNER,            )<br>                          )<br>    Plaintiff,         )<br>                          )<br>v.                        )<br>                          )<br>DUANE HENDERSON,          )<br>                          )<br>    Defendant.        )  | Civil Action No. 5: 25-244-DCR<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Devon Turner, a Kentucky resident, has filed a *pro se* civil complaint and has paid the filing fee.[1] However, he did not obtain summons for service of process from the Clerk. For the reasons explained below, the Court will direct Turner to show cause why this action should not be dismissed for failure to state a claim. *See Tingler v. Marshall*, 716 F.2d 1109, 1112 (6th Cir. 1983); *see also Bradley v. Sabree*, 842 F. 3d 1291, 1292 n.1 (7th Cir. 2016) (*sua sponte* dismissal of claims brought by fee-paying non-prisoner plaintiff is proper where plaintiff is given the opportunity to respond prior to dismissal); *Greathouse v. JHS Sec. Inc.*, 784 F. 3d 105, 119 (2d Cir. 2015) (same).

---

[1] Turner asserts that he is "an individual residing in the Federal Eastern District of Kentucky." [Record No. 1 at 1, ¶ 2] He later states that he resides in Fayette County. [Record No. 1-1 at 1] However, the only address provided is for a post mailbox ("PMB") in Oak Park, Illinois, and a telephone number with a Chicago area code. *See id*. at 1, 11. The Court's Local Rules require unincarcerated *pro se* litigants to provide a valid and current residential street address. *See* LR 5.3(d). And "[f]ailure to provide the required information upon request may result in the dismissal of the litigant's case or other appropriate sanctions." *See id*. Turner, therefore, will be directed to provide a valid and current residential address in addition to, or instead of, the PMB he provided. The Court will dismiss this action if he fails to do so. *See Yeschick v. Mineta*, 675 F. 3d 622, 630 (6th Cir. 2012).

Turner contends that Defendant Duane Henderson, a resident of Lexington, Kentucky, has infringed his copyrighted works by posting four videos on YouTube "that copied and displayed virtually all of Mr. Turner's original Work[.]" [Record No. 1 at 2-4]  Turner states that the copyrighted work is titled "Punchmade Dev" – which he describes as a "recognized copyrighted name and image" – and is protected by "US Copyright Serial Number: 98161322)[.]" *See id*. at 1, ¶ 3, at 2, ¶ 10.[2]  Turner asserts that he has attached a "registration certificate with the United States Copyright Office" as Exhibit 1.  *See id*. at 2, ¶ 11; *see also* [Record No. 1-2 at 2-8].

Turner states that he sent an e-mail to Henderson on July 5, 2025, requesting that he remove the assertedly infringing videos.  Henderson allegedly replied the same day, stating that his content was not infringing and that he would not comply with Turner's request. [Record No. 1 at 4-5] On June 12, 2025, Turner filed a "takedown" request with YouTube pursuant to the Digital Millennium Copyright Act of 1998 ("DMCA"), Pub. L. 105-304, 112 Stat. 2860.  YouTube removed the videos two days later. [Record No. 1 at 6] Turner alleges that Henderson filed a "counter-notification" to YouTube seeking reinstatement of his videos in which he stated that his videos constituted "fair use" and were "noncommercial." *See id*. at 6, ¶ 32.[3]

---

[2] Confusingly, Turner claims ownership "in and to the creative motion picture collection of works titled 'Rags to Riches'", which he identifies with reference to four uniform resource locators that point to the same four YouTube videos by Henderson which he claims are infringing. [Record No. 2 at 9]  Because an author does not become the owner of infringing work merely by virtue of its inclusion of the author's copyrighted material, the Court assumes Turner's protected work consists only of "Punchmade Dev," the stage name for which he claims copyright protection.

[3] Turner attaches Henderson's counter-notification as Exhibit B. [Record No. 1-3 at 1-3] That document appears to contradict Turner's characterization of Henderson's response: Henderson

Turner asserts a claim of copyright infringement pursuant to 17 U.S.C. § 504. [Record No. 1 at 7-8] He claims that he "is the author of, and sole proprietor of all right, title and interest in and to the federal copyrights in the Work" and that Henderson has infringed those rights. *See id*. Invoking 17 U.S.C. § 512(f), Turner also asserts a claim under the DMCA, contending that Henderson's counter-notification misrepresented to YouTube that his videos constituted fair use, were "transformative in nature," "used no more of the original Work than necessary," and were noncommercial. [Record No. 1 at 8-9][4]

Having reviewed the Complaint, the Court anticipates summary dismissal for failure to state a claim. First, Turner's copyright infringement claim, as currently pleaded, fails as a matter of law. The "registration certificate with the United States Copyright Office" that Turner attached the complaint as Exhibit 1 is neither a copyright registration certificate nor was it issued by the Copyright Office. Instead, it is an application for a service mark registration that Turner submitted to the United States Patent and Trademark Office ("USPTO") in 2023. [Record No. 1-2 at 2-8][5] Copyrights and trademarks are entirely distinct species of intellectual property.

And Turner cannot sue for infringement until the Copyright Office has issued a registration. *See* 17 U.S.C. § 411(a) ("… no civil action for infringement of the copyright in any United

---

does not claim fair use or assert that his use is purely non-commercial; instead, he claims only that his videos do "not [use] any copy righted material." *See id*. at 3.

[4] Turner anchors venue in this District pursuant to 28 U.S.C. §§ 1391(b), (c). [Record No. 1 at 2, ¶ 8. Venue in copyright actions is governed by a different provision, 17 U.S.C. § 1400(a), but is nonetheless proper in this District.

[5] In early 2025, USPTO deemed the application abandoned when Turner failed to respond to an office action. *See* https://uspto.report/TM/98161322 (accessed July 18, 2025).

States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."). A search of the Copyright Office's website[6] fails to reveal any registration issued for the two-word phrase "Punchmade Dev," which Turner identifies as the copyrighted "work" underlying his claims. Indeed, the Copyright Office would have summarily rejected an application to copyright the name under which Turner performs: copyright law is clear that "[w]ords and short phrases such as names" are not copyrightable and "applications for registration of such works cannot be entertained." 37 C.F.R. § 202.1(a); *see Jackson v. JPay, Inc.*, 851 F. App'x 171, 173 (11th Cir. 2021).

Turner's Complaint also fails to state a claim upon which relief may be granted under Section 512 of the DMCA. The statute provides:

> (f) Misrepresentations. - Any person who knowingly materially misrepresents under this section -
>
> (1) that material or activity is infringing, or
>
> (2) that material or activity was removed or disabled by mistake or misidentification,
>
>> shall be liable for any damages, including costs and attorneys' fees, incurred by the alleged infringer, by any copyright owner or copyright owner's authorized licensee, or by a service provider, who is injured by such misrepresentation, as the result of the service provider relying upon such misrepresentation in removing or disabling access to the material or activity claimed to be infringing, or in replacing the removed material or ceasing to disable access to it.

17 U.S.C. § 512(f). To state a claim under this provision,

> … plaintiff must plead (1) that defendant knowingly misrepresented to [YouTube] that the listing identified in plaintiff's takedown notice was removed or disabled by mistake or because of misidentification of the material; (2) that, relying on defendant's willful misrepresentation, [YouTube] replaced or ceased

---

[6] *See* https://publicrecords.copyright.gov (accessed July 18, 2025). The Court may take judicial notice of undisputed information contained on government websites. *See Demis v. Sniezek*, 558 F. 3d 508, 513 n.2 (6th Cir. 2009); *Qiu Yun Chen v. Holder*, 715 F.3d 207, 212 (7th Cir. 2013).

>     disabling the infringing material; and (3) that, as a result of the aforementioned
>     series of events, plaintiff incurred damages.

*Wright v. Edwards*, No. 21CV6063PKCRLM, 2022 WL 17820247, at *7 (E.D.N.Y. July 18, 2022) (citations omitted).  Turner's complaint omits the second element of the cause of action: reliance by YouTube.  He does not allege that service provider YouTube restored access to the videos in question in reliance upon Henderson's alleged misrepresentations; instead, Turner contends that Henderson's actions forced him to file this lawsuit. [Record No. 1 at 9, ¶ 51]  This is insufficient to state a claim under Section 512.[7]

In any event, Turner's claim under the DMCA necessarily fails because he does not have a copyright registration for the "work" allegedly infringed.  Therefore, he is not a "copyright owner or copyright owner's authorized licensee" protected by the statute.  Without the required registration, Turner is unable to recover damages under Section 512(f) of the DMCA.

In light of the foregoing concerns regarding each of Turner's claims, and in accordance with the procedures set forth in *Tingler*, the Court will afford the plaintiff a period of twenty-one (21) days to file a response or an amended pleading into the record that addresses in a legally-sufficient manner the deficiencies set forth above with respect to each defendant to avoid the dismissal of some or all of his claims.  *See Wagenknecht v. United States*, 533 F.3d

---

[7] While not an issue before the Court in the case's current procedural posture, a number of courts have held that Section 512(f) imposes a demanding *scienter* requirement to assert a viable claim against the filer of either a "takedown" or "putback" notice.  *See Greenspan v. Qazi*, No. 20-CV-03426-JD, 2021 WL 2577526, at *12 (N.D. Cal. June 23, 2021) (noting that "[t]he statute suggests that this mental state is lacking so long as the issuer of the notice or counternotice had a subjective good-faith belief that the material in question was infringing (in the case of a notice) or non-infringing (in the case of a counternotice).  *See* 17 U.S.C. § 512(c)(3)(A)(v) & (g)(3)(C) (requiring sworn declaration to this effect for DMCA notice or counternotice)."); *see also Lenz v. Universal Music Corp.*, 815 F.3d 1145, 1151 (9th Cir. 2016).  It is questionable whether Turner's allegations plausibly allege that Henderson possessed the necessary *scienter*.

412, 417 n.4 (6th Cir. 2008); *Morrison v. Tomano*, 755 F.2d 515, 516-17 (6th Cir. 1985). The Court will dismiss the case in accordance with the foregoing if Turner does not file a timely and sufficient response.

Accordingly, it is hereby **ORDERED** as follows:

1. **Within fourteen (14) days**, Turner is directed to file a notice updating his address to include his current and valid residential address. Failure to do so will result in the dismissal of this action for failure to comply with an Order of the Court.

2. **Within twenty-one (21) days**, Turner is directed to file a response indicating why this action should not be dismissed for failure to state a claim. The Court will promptly dismiss this action for the reasons stated if Turner does not file a timely and sufficient response.

Dated: July 21, 2025.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky