UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| DEVON TURNER, | ) | |
| Plaintiff, | ) ) ) | Civil Action No. 5: 25-244-DCR |
| v. | ) ) | |
| DUANE HENDERSON, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On July 16, 2025, Plaintiff Devon Turner filed a *pro se* civil complaint. [Record No. 1] Shortly thereafter, the Court entered a Memorandum Opinion and Order which regarding the complaint. *See* [Record No. 5] The Court first instructed Turner to "provide a valid and current residential address in addition to, or instead of, the PMB he provided." [*See* Record No. 5 (citing LR 5.3(d)).] Further, pursuant to *Tingler v. Marshall*, 716 F.2d 1109 (6th Cir. 1983), the Court directed Turner to show cause why this action should not be dismissed for failure to state a claim. [*Id.*]

However, the Court's Memorandum Opinion and Order was returned as undeliverable by the Postal Service. [Record No. 6] Turner also did not respond as instructed, and the deadline to do so has passed. The Court notes that it is the plaintiff's obligation to maintain a current and valid mailing address, without which the Court cannot communicate with him. *See Yeschick v. Mineta*, 675 F. 3d 622, 630 (6th Cir. 2012) ("Regardless of the method of communication utilized (posted mail or email), it is the party, not the court, who bears the

-1-

burden of apprising the court of any changes to his or her mailing address."); *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002).

Based on the foregoing, the Court will dismiss Turner's complaint upon the substantive grounds identified in its prior opinion. As noted, Turner cannot sue for copyright infringement under 17 U.S.C. § 504 (Count I) because his claim is predicated on a rejected application for a federal service mark, not a copyright registered with the Copyright Office. [Record No. 5 at 3-4] And Turner's claim in Count II under Section 512(f) of the Digital Millenium Copyright Act ("DMCA") fails because he does not allege reliance by YouTube as the "service provider" under the DMCA. *See id*. at 4. Turner, who lacks a registered copyright for the work upon which his DMCA claim is based, also is not a "copyright owner or copyright owner's authorized licensee" protected by the statute. [Record No. 5 at 4-5] For these reasons, the Court will dismiss the complaint with prejudice.

Accordingly, it is hereby **ORDERED** as follows:

1. Devon Turner's complaint [Record No. 1] is **DISMISSED** with prejudice.

2. This matter is **STRICKEN** from the docket.

3. The Clerk is directed to complete Form AO 121, "Report on the Filing or Determination of an Action or Appeal Regarding a Copyright."[1]

4. Pursuant to 17 U.S.C. § 508(b), the Clerk shall **SEND** via e-mail a PDF copy of the following to the Register of Copyrights at the United States Copyright Office at 508filings@copyright.gov:

   a. the completed Report;

---

[1] Available online at: https://www.uscourts.gov/forms-rules/forms/report-filing-or-determination-action-or-appeal-regarding-a-copyright (accessed August 25, 2025).

-3-

    b. the Court's July 21, 2025, Memorandum Opinion and Order [Record No. 5];

    c. this Memorandum Opinion and Order; and

    d. the Judgment entered contemporaneously herewith.

Dated: August 27, 2025.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky